IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL, | ) | 8:07CV149 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA; ROBERT V. BURKHARD, District Court Judge; NEBRASKA COURT OF APPEALS; LAURA PETERSON, State Risk Manager; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and NEBRASKA COMMISSION ON LAW ENFORCEMENT AND CRIMINAL JUSTICE, | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff Jamaal McNeil filed his complaint in this matter on April 20, 2007. (Filing 1.) McNeil has previously been given leave to proceed in forma pauperis. (Filing 8.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I.  SUMMARY OF COMPLAINT

McNeil's complaint alleges that he "was a defendant in a state and appeal case and was denied effective assistance of counsel." (Filing 1, at CM/ECF p. 3.) Specifically, he was convicted and sentenced for possession of a controlled substance, and the conviction and sentence were affirmed on appeal. McNeil claims he was "abandon[ed]" without effective assistance of counsel; he never waived his right to counsel; and he was not appointed a public defender. (*Id*. at CM/ECF p. 4.) Thus, he says, the Nebraska Court of Appeals and District Court Judge Robert V. Burkhard

are liable for failing to appoint counsel for McNeil and "making a judgment without [McNeil] having an attorney present." (*Id.* at CM/ECF pp. 4-5.)

McNeil alleges that "[i]f plaintiff had effective assistance [of] counsel the result of the appeal and case would [have] been different and the plaintiff would not have been convicted." (*Id.* at CM/ECF p. 7.) Finally, McNeil demands monetary relief and a judgment "quashing, terminating, vacating and expunging the felony conviction due to . . . plaintiffs constitution [sic] rights have been violated." (*Id.* at CM/ECF p. 9.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

## III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to

cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

McNeil's claims clearly relate to the judicial procedure leading to his conviction and confinement and his Sixth Amendment right to counsel in those proceedings. These claims necessarily implicate the validity of his incarceration. In addition, the relief sought by McNeil is an order from this court that his criminal conviction be vacated. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss McNeil's claims without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's complaint is dismissed without prejudice to reassertion in accordance with this memorandum and order.

2. Judgment shall be entered by separate order.

January 31, 2008.     BY THE COURT:
                      s/ *Richard G. Kopf*
                      United States District Judge